**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1804
_____

DANIEL J. HEFFLEY,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; SUPREME COURT OF
PENNSYLVANIA; JUDICIAL CONDUCT BOARD OF PENNSYLVANIA;
COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-01150)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2021
Before:  MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed February 10, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Daniel Heffley appeals after the District Court dismissed his in forma pauperis lawsuit alleging, among other things, violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").[1]  For the reasons detailed below, we will affirm.

On August 29, 2018, Heffley initiated this action against the Commonwealth of Pennsylvania, the Supreme Court of Pennsylvania, the Judicial Conduct Board of Pennsylvania, and the Allegheny County Court of Common Pleas.  In pertinent part, he claimed that that six actions taken during his child custody proceedings in state court violated the ADA and Section 504.  The District Court subsequently granted the defendants' motion to dismiss, concluding that the claims relating to the six actions were untimely under the applicable statute of limitations.[2]

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant a motion to dismiss on statute of limitations grounds. See Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997).

---

[1] Heffley brought several constitutional claims under 42 U.S.C. § 1983 as well, but the District Court dismissed these claims sua sponte on screening the complaint pursuant to 28 U.S.C. § 1915(e), and Heffley did not challenge that order in his brief.  Accordingly, Heffley has forfeited any challenge to the dismissal of those claims.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[2] Heffley also brought claims for violations of the ADA and Section 504, based on a seventh event, which the District Court concluded were timely, but meritless.  Heffley has forfeited any challenge to the dismissal on the merits of these claim by failing to raise them in his brief.  See M.S. by & through Hall, 969 F.3d at 124 n.2.

The District Court may grant such a motion when the time-bar is apparent on the face of the complaint. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). In addition to considering the allegations in the complaint, courts may consider exhibits submitted with the complaint and matters of public record. Id.

The District Court did not err in concluding that Heffley's ADA and Section 504 claims were untimely. These claims are subject to Pennsylvania's two-year statute of limitations on personal injury actions. See Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008). The statute of limitations does not begin to run until the plaintiff discovers, or should have discovered, that he has been injured and that another party's conduct caused his injury. Id. at 214, 216.

As accurately detailed by the District Court, it is clear from the complaint and attached exhibits that the ADA and Section 504 claims were based on events that occurred and were discoverable by Heffley before August 29, 2016 (the limitations date). Some of the events took place while Heffley was present in court, and Heffley discussed most of the events in documents he filed before the limitations date in state court and other fora. Heffley asserts that he, by virtue of his disabilities, could not have reasonably known of the alleged wrongs. However, "[t]he determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citation omitted). The allegations and exhibits indicate strongly that Heffley

3

himself knew of them before the limitations date.  Regardless, it is clear that a reasonable plaintiff should have known of the alleged injuries before the limitations date.

Furthermore, the District Court did not err in concluding that there was no basis for tolling the statute of limitations.  To the extent that Heffley's brief can be read as challenging the District Court's rejection of his continuing violations theory for tolling, his argument fails because the claims arose from isolated, distinct events.  See Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (explaining that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period").

Accordingly, we will affirm the judgment of the District Court.  Heffley's motion for leave to file supplemental appendix with reply brief and his supplemental motion for leave to submit an additional response are both granted.